UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                -against-

HENRY BARSKIE,

                     Defendant.
-----------------------------------------------------------------x

REPORT AND
RECOMMENDATION

02-CR-975 (NGG)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court, on a referral from the Honorable Nicholas G. Garaufis, is an application filed by defendant Henry Barskie ("Barskie" or "defendant"), over the government's objection, to modify the amount of his restitution pursuant to 18 U.S.C. § 3563(c). For the reasons discussed below, this Court recommends that defendant's application be denied.

## FACTUAL BACKGROUND

On September 13, 2002, defendant, having waived indictment, pleaded guilty to an information charging him with conspiring to defraud investors in KB Corporate Holdings, Inc., in violation of 18 U.S.C. § 371. On March 17, 2005, Judge Garaufis sentenced defendant to a period of three years probation and ordered restitution in the amount of $349,500, to be paid at the rate of 10% of defendant's gross income per month. See Transcript of Sentencing dated March 17, 2005 ("Tr.") at 20:6-10. Judge Garaufis also directed that, as a condition of his probation, defendant comply with the restitution order. Id. at 20:22. The judgment executed that same day reflects these terms. See Judgment dated March 17, 2005 ("Judgment").

On December 5, 2006, defendant submitted a letter-application seeking to "modify the terms of his probation, pursuant to 18 U.S.C. § 3563, to the extent that his restitution liability be apportioned to reflect his lesser role in the underlying offense." Letter to the Court from Roger J. Schwarz, dated December 5, 2006 ("Def. 12/5/06 Letter"). Specifically, defendant alleged that co-conspirators Frank Cardinale and Yuri Kristalinsky (who were charged in separate accusatory instruments) were the "prime movers" in the underlying private placement scheme, while Barskie was only a "peripheral player." Id. at 1.[1] In an argument raised for the first time in the pending motion, defendant contended that it is "not improper to apportion liability commensurate with an accused's level of culpability," and he urged the Court to "revisit the restitution issue and make an appropriate apportionment." Id. at 1-2. The government opposed defendant's application; citing the decision of Judge I. Leo Glasser in United States v. Hamburger, 414 F.Supp.2d 219, 224 (E.D.N.Y. 2006), the government argued that the Court is without authority to reduce the amount of restitution, which is not merely a term of probation but is an independent – and mandatory – component of the criminal

---

[1] After pleading guilty to a similar fraud charge, Kristalinsky was sentenced to eighteen months in prison and, *inter alia*, ordered to pay restitution in the amount of $344,500. See Judgment dated February 18, 2004, in United States v. Kristalinsky, No. 03-CR-575 (NGG) (E.D.N.Y.). Cardinale, who likewise pleaded guilty to a fraud conspiracy, was sentenced to a term of probation of thirty-six months, including six served on home detention, and was ordered to pay $344,500 in restitution. See Judgment dated February 28, 2005, in United States v. Cardinale, No. 03-CR-880 (NGG) (E.D.N.Y.). After the two co-conspirators were sentenced, an additional victim of the fraud filed an affidavit of loss in the amount of $5,000, thereby increasing the aggregate loss to $349,500 – the sum specified as the restitution amount in defendant's judgment of conviction. See Letter to the Court from Assistant United States Attorney ("AUSA") Martin E. Coffey, dated February 22, 2005.

judgment. See Letter to the Court from AUSA Kevin P. Mulry, dated December 22, 2006 ("Gov. 12/22/06 Letter"); Letter to the Court from AUSA Beth P. Schwartz, dated January 26, 2007 ("Gov. 1/26/07 Letter").[2] In response, defendant relied on the Court's "inherent power to act in respect to its own judgment." Letter to the Court from Roger J. Schwarz, Esq., dated January 5, 2007 ("Def. 1/5/07 Letter") at 1.

## DISCUSSION

Under the Mandatory Victims Restitution Act (the "MVRA"), a sentencing court is required to order that a defendant convicted of certain enumerated categories of offenses make restitution to his victims. 18 U.S.C. § 3663A(a)(1). Such offenses include, among others, "any offense . . . against property under [Title 18], . . . including any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a . . . pecuniary loss." Id. § 3663A(c)(1). Where the court finds that two or more defendants have contributed to a victim's loss, it may, in imposing sentence, "make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." Id. § 3664(h).

When an order of restitution is imposed in conjunction with a period of probation (or supervised release), the court has the power to include the payment of restitution as a condition

---

[2] The government argued, in the alternative, that "nothing required the court to apportion liability among the defendants at the time of sentencing." Gov. 12/22/06 Letter at 2 (citing 18 U.S.C. § 3664(h)).

of probation (or supervised release). See id. §§ 3563 (probation), 3583 (supervised release). Indeed, where restitution is required under the MVRA, the inclusion of restitution "as an explicit condition of a sentence of probation" is mandatory, not discretionary. Id. § 3563(a)(6)(A); see id. § 3563(b)(2).

Defendant does not and cannot deny that the offense charged in the present case constitutes an offense against property in which an identifiable victim has suffered a pecuniary loss, within the meaning of the MVRA. See, e.g., United States v. Walker, 353 F.3d 130, 132-33 (2d Cir. 2003). The Judgment incorporates a list of thirteen victims of defendant's fraud whose losses total $349,500, the amount of restitution defendant was ordered to pay. See Judgment at 7. Accordingly, under the MVRA, the order of restitution was mandatory, not discretionary.[3] See generally United States v. Johnson, 378 F.3d 230, 244 (2d Cir. 2004) (failure to impose restitution when required by the MVRA constitutes clear error).

The question remaining, then, is whether, given the mandatory nature of the restitution order, the District Court may now modify the underlying amount in the Judgment. While the Second Circuit has not yet faced this precise issue, every district court in this circuit to have addressed the question has concluded that, in analogous circumstances, the court lacked authority to reduce an order of restitution imposed under the MVRA. See United States v. Kerzhner, No. 00 CR 1197(SJ), 2007 WL 29393 (E.D.N.Y. Jan. 4, 2007); United States v. Frederick, No. 98 CR 0696(SJ), 01 CV 7826(SJ), 2006 WL 2527827 (E.D.N.Y. Aug. 14,

---

[3] Judge Garaufis noted the mandatory nature of restitution in this case, opting not to impose a fine for that reason. See Tr. at 21:13-14.

2006); Hamburger, 414 F.Supp.2d 219.

The government cites the earliest of these cases, United States v. Hamburger, 414 F.Supp.2d 219, which involved facts indistinguishable from those in the present case. Having similarly pleaded guilty to conspiracy to commit securities fraud, Hamburger was sentenced to a five-year term of probation and ordered to pay $290,000 in restitution under the MVRA. Id. at 220. As here, the payment of restitution was made a condition of the defendant's probation. See Judgment dated March 12, 2003, United States v. Hamburger, No. 01-CR-917 (ILG) (E.D.N.Y.), at 2. Several years later, Hamburger moved to reduce the restitution amount for equitable reasons. 414 F.Supp.2d at 221. Construing the request as one arising under 18 U.S.C. § 3563(c), entitled "Modifications of conditions [of probation]," Judge Glasser denied the motion, holding that the Court was "without authority to reduce its restitution as a modification of the terms of probation." 414 F.Supp.2d at 220, 224. As the Court explained, Hamburger's assumption that the restitution order was a condition of probation ignored the mandatory language of the MVRA; the restitution order was "not a condition of [Hamburger's] probation, but an *independent component of his criminal sentence*." Id. at 225 (emphasis added); accord United States v. Farris, No. 1:02-CR-173-02, 2006 WL 2022526, at *1 n.2 (W.D. Mich. July 17, 2006) (denying motion to relieve defendant of restitution obligations under the MVRA; "Defendant's belief that restitution is a term of probation that the Court may revoke is erroneous."), reconsideration denied, 2006 WL 2372278 (W.D. Mich. Aug. 11, 2006).

In two recent decisions in this district involving motions to reduce restitution judgments

5

imposed under the MVRA, Judge Sterling Johnson, Jr., likewise concluded that he lacked legal authority to modify the restitution amounts. See Kerzhner, 2007 WL 29393, at *1-3; Frederick, 2006 WL 2537827, at *2-3. The defendants in those cases had been sentenced to terms of imprisonment and supervised release, with payment of restitution made a condition of supervised release. See Kerzhner, 2007 WL 29393, at *1; Judgment dated January 31, 2003, United States v. Kerzhner, No. 00 CR 1197 (SJ) (E.D.N.Y.); Frederick, 2006 WL 2527827, at *1. Despite a statutory basis for modifications of conditions of supervised release, see 18 U.S.C. § 3583(e),[4] Judge Johnson concluded that the MVRA precluded him from modifying an order imposing mandatory restitution: "Characterizing mandatory restitution as merely a condition of supervised release would directly conflict with the language and purpose of the MVRA." Kerzhner, 2007 WL 29393, at *3. Properly construed, "[t]he MVRA clearly creates an independent statutory punishment of restitution, *in addition to* other criminal penalties such as supervised release." Id. (citing Hamburger, 414 F.Supp.2d at 224-25) (emphasis in original). While the Court's authority to modify the conditions of a defendant's release might allow it to "adjust the payment schedule," the Court could not thereby alter "the total amount of the restitution judgment." Kerzhner, 2007 WL 29393, at *2; cf. Hamburger, 414 F.Supp.2d at 227 & n.6.

The Court in Kerzhner also considered, and rejected, other potential bases for its

---

[4] Section 3583(e) is thus analogous to 18 U.S.C. § 3563(c), which governs modifications of conditions of probation, and which was held in Hamburger not to authorize a reduction of restitution imposed under the MVRA.

authority to reduce a sentence of restitution. In language equally applicable to the present case, Judge Johnson observed:

> Once a district court has sentenced a defendant, it may not re-sentence a defendant unless so ordered by the Court of Appeals or United States Supreme Court, see 28 U.S.C. § 2106, or pursuant to the narrow conditions established by Federal Rules of Criminal Procedure 35 or 36. *See United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005). Rule 35(a) provides that within 7 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Rule 36 allows the court to correct clerical errors in sentencing at any time. However, because no higher court has ordered Defendant re-sentenced, and no error has been alleged with regard to Defendant's restitution sentence, none of these provisions provide the Court with authority to modify Defendant's sentence at this time.

Kerzhner, 2007 WL 29393, at *1; see also Frederick, 2006 WL 2527827, at *2-3 (rejecting "potential" bases for jurisdiction to modify sentence of mandatory restitution, including 18 U.S.C. §§ 3572(d)(3) and 3664(k), which permit the court, in certain circumstances, to "adjust Defendant's restitution payment schedule" but not to "vacate, set aside, or modify the underlying restitution judgment").

So too here, the time within which to appeal the sentence, or move under the Federal Rules of Criminal Procedure to correct or reduce the Judgment, has long since passed. See generally Fed. R. App. P. 4(b)(1)(A); Fed. R. Crim. P. 35. Defendant does not complain of any clerical error in the Judgment, see Fed. R. Crim. P. 36, or for that matter any error whatsoever.[5] Nor does he allege any material change in his economic circumstances, so as to

---

[5] Accordingly, as defendant does not challenge the legality of the restitution order, his application, in contrast to that in Frederick, cannot be deemed a motion to correct a sentence under 28 U.S.C. § 2255. See generally Frederick, 2006 WL 2527827, at *3-4.

permit the Court to adjust his payment schedule under 18 U.S.C. § 3664(k). To be sure, the Court, "in certain circumstances, [is authorized] to modify or adjust an order of restitution pursuant to 18 U.S.C. § 3664(o)." Def. 1/5/07 Letter at 1. Unfortunately for Barskie, he does not and cannot allege that this case involves any of the circumstances under which such an order would be authorized.[6]

Without citation to any authority, defendant summarily rejects the rationale of Hamburger and its progeny that restitution under the MVRA is "an independent component of his criminal sentence." Def. 1/5/07 Letter at 1-2. In this case, the oral sentence and Judgment both clearly indicate that Judge Garaufis ordered restitution as a separate component of defendant's criminal sentence. The restitution order appears in a section of the Judgment labeled "Criminal Monetary Penalties" and includes the total amount of restitution ordered, the

---

[6] Section 3664(o) provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that –
> (1) such a sentence can subsequently be –
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>     (B) appealed and modified under section 3742;
>     (C) amended under subsection (d)(5) [where victim discovers additional losses]; or
>     (D) adjusted under section 3664(k), 3572 [relating to fines], or 3613A [default]; or
> (2) the defendant may be resentenced under section 3565 [upon revocation of probation] or 3614 [upon failure to pay restitution].

18 U.S.C. § 3664(o).

payment schedule, and the list of victims. See Judgment at 4-5, 7. Although the "Additional Probation Terms" section of the Judgment also refers to the restitution order, id. at 3, this provision serves only to *condition* probation on the payment of restitution – as the Court was required to do under 18 U.S.C. § 3563(a)(6)(A). In addition, at the sentencing hearing, Judge Garaufis expressly ordered restitution apart from the special conditions of probation – which included compliance with the restitution order. Tr. at 20:8-21:19; see United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974) ("It is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority.") (internal quotations omitted). Contrary to defendant's assumption, see Def. 1/5/07 Letter at 2, the fact that the Probation Office exercises oversight with respect to compliance with the restitution order[7] does not render the restitution order a mere condition of probation, as opposed to a statutorily mandated "independent component of [defendant's] criminal sentence." Hamburger, 414 F.Supp.2d at 225; see generally Gov. 1/26/07 Letter at 1-2 (contrasting the respective roles of the Court and the probation officer in connection with restitution).

Equally unavailing is defendant's assertion that the sentencing Court has "inherent power to act in respect to its own judgment, particularly where the issue of apportionment was not broached by the parties at the time of sentencing and where the Court imposed a revocable

---

[7] See 18 U.S.C. § 3603(7) (instructing probation officers to "keep informed concerning the . . . compliance with any condition of probation, including the payment of a fine or restitution").

(i.e. probationary) sentence." Def. 1/5/07 Letter at 1. Although the sentencing court has inherent authority to clarify an ambiguity in the judgment, see United States v. Spallone, 399 F.3d 415, 421, 427 (2d Cir. 2005), "it cannot modify an unambiguous order [of restitution] unless the narrow exceptions set forth in 28 U.S.C. § 2106 or Rules 35 or 36 of the Federal Rules of Criminal Procedure, apply." Kerzhner, 2007 WL 29393, at *2; cf. Carlisle v. United States, 517 U.S. 416, 425-26 (1996) ("[F]ederal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress. Whatever the scope of this 'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure.") (internal quotation and citation omitted); United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003) ("Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule.") (citing Carlisle, 517 U.S. 416); United States v. Arroyo, 392 F.Supp.2d 292, 296-97 (D. Conn. 2005) ("A district court does have inherent power to formulate procedural rules not required by the Constitution or Congress. Such power may not, however, be used to circumvent the normal rules of criminal procedure.") (internal citation omitted).

Accordingly, the District Court is without jurisdiction to revise the mandatory restitution order in the manner requested. Defendant has cited no statute or rule authorizing such relief, and cannot rely on the Court's "inherent power to act in respect to its own judgment." Def. 1/5/07 Letter at 1.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that defendant's application to modify the amount of his restitution be denied.

Any objection to the recommendations contained herein must be filed with the Honorable Nicholas G. Garaufis by April 18, 2007. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to docket this Report and Recommendation through the Electronic Case Filing System.

       **SO ORDERED**

**Dated:**    **Brooklyn, New York**
            **April 4, 2007**

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**